# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Natureview Vista Twinhome Association,

                  Plaintiff,

                                    Civ. No. 09-1893 (RHK/JJK)
                                    **ORDER**

v.

The Phoenix Insurance Company,

                  Defendant.

---

This matter is before the Court *sua sponte*.

On June 15, 2009, Plaintiff Natureview Vista Twinhome Association ("Natureview") commenced this action against The Phoenix Insurance Company ("Phoenix") in Hennepin County District Court. The crux of Natureview's claims is that Phoenix has failed to pay insurance proceeds for hail damage sustained by the roofs of 27 Natureview buildings in May 2007. Phoenix removed the action to this Court on July 20, 2009.

On October 1, 2009, the parties jointly submitted a Rule 26(f) report to the Court. (See Doc. No. 6.) In that report, the parties suggested September 30, 2010, as the date for fact discovery to be completed and also proposed that dispositive motions be filed and heard by the Court no later than March 31, 2011. Magistrate Judge Keyes held an initial pre-trial conference on October 6, 2009, and shortly thereafter issued a Pretrial Scheduling Order (Doc. No. 8) adopting the parties' proposed discovery cut-off and

setting February 1, 2011, as the dispositive-motion deadline.

Despite proposing no limits on discovery and assenting to a late 2010 discovery cut-off, Natureview has now moved for partial summary judgment; it contends it is entitled to judgment on the declaratory claims in its Complaint (Counts I, II, and III), which seek an order compelling Phoenix to submit to an appraisal of the damage sustained by its buildings. In response, Phoenix has filed, *inter alia*, an Affidavit (Doc. No. 21) from its counsel under Federal Rule of Civil Procedure 56(f), contending that additional discovery is needed before it can adequately respond to the Motion.[1] In particular, counsel avers that there is a dispute as to whether the hail damage occurred within the policy period, an issue for which discovery has not yet been obtained from Natureview. The Affidavit identifies several individuals Phoenix intends to depose in order to gather that information, and it submits that the Court "should allow the parties to conduct the necessary discovery before forcing the[m] into an appraisal." (Id. ¶ 6.)

It is well established that "summary judgment is proper only after the non-movant has had adequate time to engage in discovery." Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); accord, e.g., Nolan v. Thompson, 521 F.3d 983, 986 (8th Cir. 2008); Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). When faced with a motion for summary judgment, a party claiming that it has not had an adequate opportunity for discovery may file an affidavit under Federal Rule of Civil Procedure

---

[1] The document is actually a Declaration sworn under penalty of perjury, which is entitled to the same force and effect as an Affidavit. See 28 U.S.C. § 1746.

56(f) showing "what specific facts further discovery might unveil." Stanback, 180 F.3d at 911. The purpose of Rule 56(f) is "to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality." United States ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (alteration in original).

Here, Phoenix has filed such an Affidavit, averring that it must gather information concerning the date of the hail damage and that any appraisal is premature until an assessment of the date of the damage can be made. The Court agrees. Under the policy at issue, an appraisal is required only if the parties dispute the amount of a loss that occurred "[d]uring the policy period." (Jane Aff. Ex. A.1 at 33, ¶ 8(a).) There is evidence in the record suggesting that some hail damage was sustained by Natureview's property before coverage under the policy commenced in May 2006. (See, e.g., Yesnes Aff. Ex. B at 2, 6; id. Ex. C.)[2] Accordingly, given the "liberal" spirit of Rule 56(f), the Court concludes that summary judgment is premature and Phoenix should be afforded the opportunity to conduct discovery regarding when Natureview's buildings sustained hail damage and the extent of any such damage. Bernard, 293 F.3d at 426.

The Court recognizes that a party need not wait until discovery is completed

---

[2] In its Reply, Natureview argues that the Court should not consider an "expert" report submitted by Frank Watson, a meteorologist retained by Phoenix, regarding hailstorms that occurred between 2006 and 2008. (See Reply at 3-5.) Yet, even if the Court declined to consider that report, there exists other evidence in the record – including an email from Natureview's own representative – indicating that the buildings were damaged by hail outside the policy period. (See Yesnes Aff. Ex. C.)

-3-

before moving for summary judgment.  Stanback, 180 F.3d at 911.  Indeed, Phoenix is now on notice that Natureview seeks the summary adjudication of its claims and the arguments therefor, and it should seek the discovery necessary to support its defenses in an expeditious manner.  Natureview is not precluded from re-filing its Motion before the discovery cut-off, as long as Phoenix has been afforded "adequate time for discovery." Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  As this juncture, however, Natureview's Motion is premature and summary-judgment consideration inappropriate.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Natureview's Motion for Partial Summary Judgment (Doc. No. 9) is **DENIED** without prejudice to refiling at a later date.  **IT IS FURTHER ORDERED** that the hearing on the Motion, currently scheduled for January 15, 2010, is **CANCELED**.[3]


Dated: January 5, 2010                                            s/Richard H. Kyle
                                                                            RICHARD H. KYLE
                                                                            United States District Judge

---

[3] Natureview has also filed a Motion to Amend (Doc. No. 16) and has noticed a hearing on that Motion for the same date and time as its Motion for Partial Summary Judgment.  In accordance with this Court's Local Rules, see D. Minn. LR 7.1(a), the Motion to Amend should be directed to Magistrate Judge Keyes, and the hearing on the Motion noticed before the undersigned also is **CANCELED**.