# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Natureview Vista Twinhome Association,

                        Plaintiff,

                                              Civ. No. 09-1893 (RHK/JJK)
                                                    **ORDER**

v.

The Phoenix Insurance Company,

                        Defendant.

---

      This matter is before the Court *sua sponte*.

      This is an insurance-coverage dispute in which Plaintiff Natureview Vista Twinhome Association ("Natureview") claims that the Defendant, The Phoenix Insurance Company ("Phoenix"), has failed to pay for damage Natureview's property sustained in a hailstorm in 2007. Among other things, the Complaint (in Count I) seeks an Order declaring that the insurance policy Phoenix issued to Natureview requires Phoenix to submit to an appraisal of the damage. (See Compl. ¶¶ 33-40.)

      Natureview has now moved to compel Phoenix to participate in a damage appraisal. The Motion is scheduled to be heard by the undersigned on January 18, 2011. On January 11, 2011, Phoenix filed its Memorandum in Opposition to the Motion, arguing *inter alia* that there is a dispute whether the hail damage occurred during the policy's coverage period and, hence, whether it has any obligation to participate in an appraisal. (See Mem. in Opp'n (Doc. No. 46) at 14-15.)

There apparently has been some confusion whether Natureview's Motion is considered dispositive or non-dispositive under the Court's Local Rules. Natureview noticed the Motion for a hearing before the undersigned, thereby suggesting that it believes the Motion to be dispositive. (See D. Minn. LR 7.1(a)-(b) (non-dispositive Motions shall be heard by the assigned Magistrate Judge, while dispositive Motions shall be heard by the assigned District Judge).) And it filed its Motion papers 42 days before the hearing, as required for dispositive motions, rather than 14 days beforehand, as required for non-dispositive motions. (See id.) Phoenix, however, filed its Memorandum in Opposition to the Motion only 7 days before the hearing date, which was the deadline for opposing a *non-dispositive* Motion.

In the Court's view, the instant Motion is dispositive rather than non-dispositive, insofar as a favorable ruling for Natureview will resolve Count I of the Complaint. Accordingly, the Court believes that Natureview should be permitted to submit a reply memorandum in support of its Motion, see D. Minn. LR 7.1(b)(3), and the Court believes such a memorandum would be helpful to its resolution of the issues. The filing of Phoenix's Motion so close to the hearing date, however, effectively deprives Natureview of an opportunity to prepare a reply memorandum or have the Court closely consider it before oral argument.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Natureview shall serve and file a reply memorandum in support of its Motion

on or before January 19, 2011. The memorandum shall conform to Local Rule 7.1(d) (concerning total word limit, typeface, etc.); and

      2. The hearing on the Motion to Compel, currently scheduled for January 18, 2011, at 8:00 am, is **CONTINUED** to January 27, 2011, before the undersigned at 8:00 am in Courtroom 7A, Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

Dated: January 12, 2011                        s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge