UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natureview Vista Twinhome Association,

                Plaintiff,

Civ. No. 09-1893 (RHK/JJK)
**ORDER**

v.

The Phoenix Insurance Company,

                Defendant.

This matter is before the Court *sua sponte*.

This is an insurance-coverage dispute in which Plaintiff Natureview Vista Twinhome Association ("Natureview") alleges that Defendant, The Phoenix Insurance Company ("Phoenix"), has failed to pay for damage Natureview's property sustained in a hailstorm in May 2007. Among other things, the Complaint (in Count I) seeks an Order declaring that the insurance policy Phoenix issued to Natureview (the "Policy") requires Phoenix to submit to an appraisal of the damage. (See Compl. ¶¶ 33-40.)

On December 7, 2010, Natureview filed a Motion to compel Phoenix to submit to a damage appraisal.[1] In its concomitantly filed Memorandum, Natureview argued that there is no dispute that the damage in question was caused by the May 2007 hailstorm and, hence, the Policy obligates Phoenix to participate in an appraisal. (See Pl. Mem. at 16-20.) Natureview noticed its Motion for a hearing on January 18, 2011.

---

[1] For reasons not explained in the record, Natureview initially filed its Motion on September 30, 2010 (Doc. No. 38), and then re-filed it on December 7, 2010 (Doc. No. 40).

However, there apparently was some confusion whether Natureview's Motion should be considered dispositive or non-dispositive under the Court's Local Rules. Natureview noticed the Motion for a hearing before the undersigned and filed its Motion papers 42 days before the hearing date, thereby suggesting it was a dispositive Motion. (See D. Minn. LR 7.1(a)-(b).) Yet, Phoenix filed its Opposition to the Motion only 7 days before the hearing date, which was the deadline for opposing a *non-dispositive* Motion. Moreover, in its Opposition Phoenix argued that a fact dispute exists whether Natureview's property was damaged within the Policy period (see Def. Mem. at 13-15) – the type of argument typically asserted in connection with a motion for summary judgment (a dispositive motion).

By Order dated January 12, 2011 (Doc. No. 50), the Court concluded that the Motion was dispositive rather than non-dispositive. Accordingly, it ordered Natureview to submit a reply memorandum in support of its Motion on or before January 19, 2011, and it continued the hearing on the Motion to January 27, 2011. See D. Minn. LR 7.1(b)(3). Despite this Order, no reply memorandum has been filed to date.

Having reviewed the parties' Motion papers, the Court agrees with Phoenix that there is a genuine issue whether the damage sustained by Natureview's property occurred during the Policy period. While Natureview baldly asserts that this issue is undisputed, Phoenix has pointed to evidence to the contrary. In particular, it notes that Julie Tveit, Natureview's property manager, suggested in an August 31, 2007, e-mail that the damage may have been caused by a storm in September 2005, well before the Policy went into

effect (on May 31, 2006). (See Newby Aff. Ex. B at PL000186.) Michael Jane, Natureview's Rule 30(b)(6) designee, made a similar suggestion. (See id. at PL000187 ("I am confused on what storm may have caused this damage to the . . . roofs.").) Phoenix's inspection of the property also indicated that at least some of the damage "appeared to be from a prior hailstorm." (Yesnes Aff. (Doc. No. 20) Ex. B at 5.) And perhaps most tellingly, despite being invited – nay, ordered – by the Court to file a reply memorandum in support of its Motion, Natureview has failed to do so. The Court views that failure as a tacit admission that the cause of the damage to Natureview's property is in dispute, notwithstanding Natureview's assertion to the contrary in its opening brief.

This fact dispute dooms Natureview's Motion. Both parties agree that Phoenix's obligation to participate in an appraisal is triggered only if the amount of a covered loss is disputed, and a covered loss includes only damage sustained during the Policy period. (See Pl. Mem. at 16-17; Def. Mem. at 9.) Hence, it must first be determined whether the roof damage in question did, in fact, occur between the Policy's effective dates. If it did, then Phoenix must participate in an appraisal of that damage; if it did not, then the damage is not covered under the Policy and Phoenix has no obligation to pay for it (or submit to an appraisal). Because the Court's review of the record, and Natureview's tacit admission, indicate that there exists a genuine issue of fact on this question, Natureview's Motion must be denied.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Natureview's Motion to Compel Appraisal (Doc. Nos. 38, 40) is

**DENIED**. The hearing on the Motion currently scheduled for January 27, 2011, is **CANCELED**.

Dated: January 21, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge